**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| VIJAYGURU PAZHANISWAMY AND RAJESWARI SUBRAMONIAN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GREEN TREE SERVICING, LLC<br><br>　　　　　Defendant. | Case No. 3:14-CV-1269-TJC-PDB<br><br>**CLASS ACTION COMPLAINT**<br>Jury Trial Demanded |

Plaintiffs Vijayguru Pazhaniswamy and Rajeswari Subramonian ("Plaintiffs"), individually and on behalf of the putative classes set forth below, bring this Class Action Complaint against Defendant Green Tree Servicing, LLC ("Green Tree") for illegally denying private mortgage insurance ("PMI") cancellation requests and continuing to charge for PMI in violation of the Homeowners Protection Act ("HOPA"), 12 U.S.C. § 4901 *et seq.*, and borrowers' mortgage contracts.

## PARTIES

1. Plaintiffs are individual persons residing in Saint Augustine, Florida.

2. Defendant Green Tree is a Delaware limited liability company headquartered in St. Paul, Minnesota. Green Tree services mortgages in Florida and throughout the United States.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiffs' HOPA claim pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391, because Plaintiffs reside in this District, Defendant Green Tree regularly transacts business in this District, and Plaintiffs' property that is the subject of this lawsuit is located in this District.

## STATUTORY BACKGROUND

6.      PMI is typically required by mortgage lenders in circumstances where borrowers are unable to make a conventional 20% down payment in connection with a mortgage loan. PMI is for the benefit of the lender and reimburses the lender for the loan balance in the case of default by the borrower.

7.      PMI charges are typically added to the borrower's monthly mortgage payment. Monthly charges for PMI can be hundreds of dollars.

8.      In 1999, Congress passed the HOPA to "create[] a national standard for cancellation [of PMI] that is clear and simple for consumers to understand." 143 Cong. Rec. S12410, S12414 (daily ed. Nov. 9, 1997) (statement of Sen. Faircloth). The HOPA provides, in pertinent part, as follows:

> A requirement for private mortgage insurance in connection with a residential mortgage transaction shall be canceled on the cancellation date or any later date that the mortgagor fulfills all of the requirements under paragraphs (1) through (4), if the mortgagor--
>
> **(1)** submits a request in writing to the servicer that cancellation be initiated;
> **(2)** has a good payment history with respect to the residential mortgage;
> **(3)** is current on the payments required by the terms of the residential mortgage transaction; and
> **(4)** has satisfied any requirement of the holder of the mortgage (as of the date of a request under paragraph (1)) for--
> **(A)** evidence (of a type established in advance and made known to the mortgagor by the servicer promptly upon receipt of a request under paragraph (1)) that the value of the property securing the mortgage has not declined below the original value of the property; and
> **(B)** certification that the equity of the mortgagor in the residence securing the mortgage is unencumbered by a subordinate lien.

12 U.S.C. § 4902(a).

9. "Cancellation date" means, "at the option of the mortgagor, the date on which the principal balance of the mortgage" (i) "is first scheduled to reach 80 percent of the original value of the property securing the loan; or (ii) based on actual payments, reaches 80 percent of the original value of the property securing the loan." 12 U.S.C. § 4901(2)(A), (B).

10. The HOPA defines original value as the "lesser of the sales price of the property securing the mortgage" or "the appraised value at the time at which the subject residential mortgage transaction was consummated." 12 U.S.C. § 4901(12).

11. The ratio of the principal balance to the original value is known as the "Loan to Value" or "LTV" ratio.

12. Thus, PMI must be cancelled if (1) the LTV ratio is 80 percent or less; (2) the borrower makes a written request to cancel PMI; (3) the borrower is current on the payments required by the mortgage; (4) the borrower has a good payment history; and (5) the lender does not identify any additional requirements for cancellation under 12 U.S.C. § 4901(4) or any such requirements have been met.

13. All of these conditions are satisfied in this case, but Green Tree has nevertheless failed to cancel Plaintiffs' PMI and has failed to cancel the PMI of other similarly-situated class members.

## FACTUAL ALLEGATIONS

14. On August 27, 2012, Plaintiffs obtained a mortgage loan through Preo Mortgage, LLC, secured by their residence in Saint Augustine, Florida. *See* Exhibit 1. Plaintiffs' mortgage loan was not designated as a high risk loan.

3

15. Plaintiffs' mortgage form is a standard Fannie Mae/Freddie Mac Uniform Instrument, and the loan is not federally insured. *Id.*

16. As a condition of their mortgage, Plaintiffs were required to have PMI, and the cost of such PMI was $106.02 per month.

17. Paragraph 10 of Plaintiffs' mortgage is entitled "Mortgage Insurance." It expressly references HOPA, and states:

> **(b) Any such agreements will not affect the rights Borrower has – if any with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

*Id.* (emphasis in original).

18. In or around January 2014, Plaintiffs' mortgage was sold to Green Tree Servicing.

19. In or around January 2014, Plaintiffs requested in writing that Green Tree cancel the PMI on their mortgage. At the time of the request, Plaintiffs had a good payment history with respect to the mortgage and were current on their mortgage payments.

20. On January 29, 2014, Green Tree sent Plaintiffs a form letter denying their request. *See* Exhibit 2. The letter indicated that the denial was based on two grounds: (1) there were purported "aging requirements" on the account that would not be completed until August 27, 2017; and (2) the LTV ratio of Plaintiffs' mortgage was 81.78%. The letter further stated that PMI could not be canceled until the LTV ratio is 80%, and that Plaintiffs' mortgage was scheduled to reach that LTV ratio on March 1, 2015.

21. After paying additional amounts on the loan, on March 21, 2014, Plaintiffs again requested in writing that Green Tree cancel the PMI on their mortgage as the LTV ratio had

fallen below 80% due to the extra payments. *See* Exhibit 3. At the time of the request, Plaintiffs had a good payment history with respect to the mortgage and were current on their mortgage payments.

22. Green Tree again responded with a form letter on March 26, 2014. The letter once again indicated that their request was being denied because there were purported aging requirements on their account, and stated the aging would be completed on August 27, 2017. *See* Exhibit 4. The March 26 letter did not indicate that there was any issue with Plaintiffs' LTV ratio, and did not provide any other basis for denying Plaintiffs' cancellation request.

23. Green Tree's denial of Plaintiffs' request was unlawful because neither the HOPA nor Plaintiffs' loan contract contains "aging requirements" that prevent Plaintiffs from exercising their right to cancel the PMI on their loan.

24. Federally-insured mortgages require that a borrower make mortgage insurance payments for five years before PMI can be cancelled. Dept. of Housing & Urban Development, Mortgagee Letter 00-38 (Oct. 27, 2000), available at 2000 WL 33970562. There is no such requirement for non-federally insured mortgages, like Plaintiffs' mortgage.

25. Because Green Tree has refused Plaintiffs' request to cancel their PMI, Plaintiffs have been forced to make inflated mortgage payments that include unlawful charges for PMI. Plaintiffs would not be making these inflated payments that include PMI charges but for Green Tree's unlawful refusal to cancel their PMI.

26. Green Tree denied Plaintiffs' request to cancel their PMI pursuant to its standard policies and practices.

27. Green Tree has a systematic practice of denying requests for cancellation of PMI based on "aging requirements" regardless of whether mortgage loans subject to PMI are

5

federally-insured. *See, e.g.,* Exhibit 5 (online complaint from another borrower describing how Green Tree denied request for cancelation of PMI on conventional mortgage loan due to "aging requirements"). This practice is unlawful under the HOPA and constitutes a breach of Plaintiffs' mortgage contract and other borrowers' mortgage contracts.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. Plaintiffs assert their HOPA claim against Green Tree on behalf of a proposed HOPA Class, as defined as follows:

> All persons in the United States who requested in writing the cancellation of private mortgage insurance for a non-federally insured mortgage loan, and for whom Green Tree denied such request on or after October 17, 2012 on the ground that alleged aging requirements for the cancellation of private mortgage insurance had not been satisfied.

30. Plaintiffs assert their breach of contract claim against Green Tree on behalf of a proposed Breach of Contract Class, as defined as follows:

> All persons in the United States who requested in writing the cancellation of private mortgage insurance for a non-federally insured mortgage loan secured by a Fannie Me/Freddie Mac Uniform Instrument, and for whom Green Tree denied such request within the applicable limitations period on the ground that alleged aging requirements for the cancellation of private mortgage insurance had not been satisfied.

31. The proposed Classes meet all of the requirements for certification under Rule 23(a) and Rule 23(b)(3).[1]

---

[1] Plaintiffs reserve the right to propose other or additional classes in their Motion for Class Certification, following discovery.

32. <u>Numerosity</u>: The Classes are so numerous that joinder of all Class members is impracticable. Green Tree services millions of mortgages nationwide.[2] Hundreds and likely thousands of Green Tree's customers satisfy the definition of the proposed Classes.

33. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of members of the Classes. Among other things: (1) the form letters that Plaintiffs received are typical of those received by other Class members; (2) Green Tree treated Plaintiffs consistent with other Class members in accordance with Green Tree's uniform policies and practices; and (3) it was typical for Green Tree to improperly deny requests for cancellation of PMI based on "aging requirements" regardless of whether mortgage loans subject to PMI were federally-insured.

34. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained counsel experienced in complex class action litigation, including litigation against mortgage lenders and servicers.

35. <u>Commonality</u>: Common questions of law and fact exist as to the members of the Classes and predominate over any questions solely affecting individual members of the Classes, including, without limitation:

    a. Whether Green Tree has a systematic practice of denying requests for cancellation of PMI based on "aging requirements" regardless of whether mortgage loans subject to PMI are federally-insured;

    b. whether Green Tree's conduct violates the HOPA;

    c. whether Green Tree breached the contracts of Plaintiffs and other class members by engaging in the foregoing conduct;

    d. the appropriateness and proper measure of actual damages; and

---

[2] *See* Mary Ellen Podmolik, *Mortgage Servicer Called Out for Bad Performance*, Chicago Tribune, May 14, 2014, *available at* http://articles.chicagotribune.com/2014-05-14/classified/chi-green-tree-fails-mortgage-loan-servicing-test-20140514_1_mortgage-servicing-mortgage-settlement-walter-investment-management-corp.

    e.  the appropriateness and proper measure of statutory damages.

  36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Green Tree's conduct described in this Complaint stems from common and uniform policies and practices. Members of the Classes do not have an interest in pursuing separate individual actions against Green Tree, as the amount of each Class member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that may result in inconsistent judgments concerning Green Tree's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

## **FIRST CLAIM FOR RELIEF**
**Violation of the HOPA**

  37. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

  38. Green Tree violated the HOPA by improperly denying requests for cancellation of PMI on the basis of purported "aging requirements" that do not apply to non-federally-insured mortgages. *See* 12 U.S.C. § 4902(a).

  39. Because Green Tree violated the HOPA, Plaintiffs and the HOPA Class are entitled to their actual damages, including all unlawfully collected PMI premiums and interest at a rate to be determined by the Court. *See* 12 U.S.C. § 4907(1).

40. Plaintiffs and the HOPA Class are also entitled to statutory damages, costs, and reasonable attorneys' fees. *See* 12 U.S.C. § 4907(2)-(4).

## SECOND CLAIM FOR RELIEF
### Breach of Contract

41. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42. Green Tree is bound by the terms of Plaintiffs' mortgage and the other mortgages that it services.

43. Paragraph 10 of the Fannie Mae/Freddie Mac Uniform Instrument provides that the borrower has the right "to request and obtain cancellation of the Mortgage Insurance" as provided by the HOPA.

44. In denying PMI cancellation requests due to "aging requirements" in violation of the HOPA, Green Tree breached the express terms of the Fannie Mae/Freddie Mac Uniform Instrument.

45. As a result of Green Tree's breach, Plaintiffs and the Breach of Contract Class have been injured, and have suffered actual damages and monetary losses.

46. Plaintiffs and the Breach of Contract Class and entitled to recover their damages and other appropriate relief from Green Tree.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, pray for relief as follows:

a) Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b) Designating Plaintiffs as representatives for the Classes;

    c)      Designating Plaintiffs' counsel as counsel for the Classes;

    d)      Issuing proper notice to the Classes at Green Tree's expense;

    e)      Declaring that Green Tree violated the HOPA;

    f)      Declaring that Green Tree breached its contracts with Plaintiffs and the Breach of Contract Class.

    g)      Awarding actual damages and interest;

    h)      Awarding statutory damages as provided by the HOPA;

    i)      Awarding reasonable attorneys' fees and costs and expenses; and

    j)      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the Classes demand a trial by jury.

Dated: October 21, 2014                  Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

*/s/* John A. Yanchunis
John Yanchunis, FL Bar No. 324681
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Fax: (813) 223-5402
Email: jyanchunis@forthepeople.com

**NICHOLS KASTER, PLLP**
Kai Richter, MN Bar No. 0296545*
Megan D. Yelle, MN Bar No. 0390870*
   **pro hac vice* applications forthcoming
4600 IDS Center

10

80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email:  krichter@nka.com
myelle@nka.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES**